**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JAN M. GAWLIK,<br>Plaintiff, | : | |
| v. | : | Case No. 3:21-CV-1549 (OAW) |
| ANGEL QUIROS, et al.,<br>Defendants. | : | |

**OMNIBUS ORDER**

**THIS ACTION** is before the court upon Plaintiff's Motion for a Preliminary Injunction, ECF No. 57, Plaintiff's Motion to Compel, ECF No. 86, Plaintiff's Motion for Writ of Habeas Corpus Ad Testificandum, ECF No. 75, and Plaintiff's Motion for Reimbursement of Filing Fees, ECF No. 82. The court has reviewed all the pending motions and the record in this case and is thoroughly advised in the premises. For the reasons discussed herein, the Motion for a Preliminary Injunction is **DENIED;** the Motion for Writ of Habeas Corpus Ad Testificandum is **DENIED as moot;** the Motion for Reimbursement of Filing Fees is **DENIED;** and the Motion to Compel is **GRANTED in part and is DENIED in part.**

## I. BACKGROUND

Plaintiff is an inmate currently housed at Cheshire Correctional Institution ("Cheshire"). In his complaint, he asserts Eighth Amendment claims based on his alleged deprivation of outdoor exercise during the cold-weather months pursuant to Cheshire's policy of limiting outdoor recreation to days with a temperature of at least 40

degrees[1] when there are a minimum number of participating inmates ("Policy"). *See generally*, ECF No. 1. After initial review, the court permitted Plaintiff to proceed on his Eighth Amendment claims. ECF No. 22 at 21–24. Plaintiff is suing Warden Butricks, Acting Warden/Captain Nunez, District Administrator Rodriguez, District Administrator Mulligan, Warden Walker, Administrative Remedies Coordinator Shelton, Director of Programs Garcia, District Administrator Mudano, and Warden Erfe in their individual capacities for damages, and he is suing Defendants Rodriguez, Nunez, Mulligan, and Garcia in their official capacities for injunctive relief. ECF No. 22 at 23.

## II. MOTION FOR A PRELIMINARY INJUNCTION

### A. Legal Standard

A preliminary injunction provides temporary relief to a party pending a final determination of the merits of a claim. *Diversified Mortg. Invs. v. U.S. Life Ins. Co. of New York*, 544 F.2d 571, 576 (2d Cir. 1976). A district court has wide discretion in determining whether to grant preliminary injunctive relief. *See Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005).

The requirements for the issuance of a preliminary injunction are well established. Plaintiff must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Christian Louboutin S.A. v. Yves Saint Laurent*

[1] It appears the policy has evolved, at times barring outdoor recreation when it is less than 35 degrees, but 40 degrees appears to be the current threshold temperature.

*Am. Holdings, Inc.,* 696 F.3d 206, 215 (2d Cir. 2012) (quoting *UBS Fin. Servs., Inc. v. W. Va. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir.2011)). Further, when a movant seeks a "mandatory preliminary injunction that alters the status quo by commanding some positive act," rather than a "prohibitory injunction seeking only to maintain the status quo," then the burden of proof is even greater. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (quoting *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd*., 598 F.3d 30, 35 (2d Cir.2010)). To obtain a mandatory preliminary injunction against governmental action, a plaintiff must "(1) 'make a strong showing of irreparable harm' absent injunctive relief, (2) 'demonstrate a clear or substantial likelihood of success on the merits,' and (3) demonstrate a 'public interest weighing in favor of granting the injunction' and that the 'balance of equities tips in his or her favor.'" *CC. v. New York City Dep't of Education*, No. 22-0459, 2023 WL 2545665, at *2 (2d Cir. Mar. 17, 2023) (quoting *Hester ex rel. A.H. v. French*, 985 F.3d 165, 176 (2d Cir. 2021)).

The Second Circuit has cautioned that preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore,* 409 F.3d at 510 (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "In deciding a motion for preliminary injunction, a court may consider the entire record including affidavits and other hearsay evidence." *J.S.R. by & through J.S.G. v. Sessions*, 330 F. Supp. 3d 731, 738 (D. Conn. 2018) (quoting *Johnson v. Newport Lorillard*, No. 01 Civ. 9587 (SAS), 2003 WL 169797, at *1 (S.D.N.Y. Jan. 23, 2003)).

"In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997). Injunctive relief must be narrowly tailored or proportional to the scope of the violation and extending no further than necessary to remedy the violation. *Brown v. Plata*, 563 U.S. 493, 531 (2011). Thus, courts should reject "remedial orders that unnecessarily reach out to improve prison conditions other than those that violate the Constitution." *Id.*

**B. Evidentiary Hearing**

"Generally, the district court is not required to conduct an evidentiary hearing on a motion for a preliminary injunction when essential facts are not in dispute." *Maryland Cas. Co. v. Realty Advisory Bd. on Lab. Rels.*, 107 F.3d 979, 984 (2d Cir. 1997). "[T]here is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." *Id.* (quoting *Consolidated Gold Fields PLC v. Minorco, S.A.*, 871 F.2d 252, 256 (2d Cir. 1989)).

Because the court finds that the essential facts are not in dispute, and the issues presented in the Motion for a Preliminary Injunction can be resolved on the papers, the court declines to set an evidentiary hearing in relation to the motion. Because Plaintiff's Motion for Writ of Habeas Corpus Ad Testificandum asks the court to issue a writ so that he might testify at an evidentiary hearing, that motion hereby is **DENIED as moot.**

**C. Discussion**

In the Plaintiff's Motion for a Preliminary Injunction, he asks court to order that Defendants:

(1) cease using a temperature baseline requirement of 40 degrees for outdoor recreation from October through May;

(2) cease requiring that a certain number of inmates participate in the outdoor exercise;

(3) cease instituting modified lockdowns that deny inmates outdoor exercise and fresh air;

(4) issue winter coats for outdoor exercise under the Fourteenth Amendment Equal Protection Clause;

(5) remove snow and ice within the entire Cheshire facility so that inmates may obtain outdoor exercise within the court yards; and

(6) permit all the south side outdoor recreation throughout the entire year, including the winter months.

ECF No. 57 at 11.

The court must deny Plaintiff's requests for several reasons.

*1. <u>Requests Under the Fourteenth Amendment</u>*

As an initial matter, the court cannot grant injunctive relief for a matter that is outside of the issues alleged in the complaint. *See, e.g., De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (stating that a preliminary injunction is appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly

outside of the issues in the suit"); *Purugganan v. AFC Franchising, LLC*, No. 3:20-CV-00360 (KAD), 2021 WL 268884, at *13 (D. Conn. Jan. 27, 2021) (declining to grant relief based upon "conduct that falls outside the scope of the dispute framed by the operative complaint," noting that "success on the merits necessarily refers to the merits of the underlying claims."). As any request for injunctive relief to remedy a violation under the Fourteenth Amendment Equal Protection Clause is not within the scope of Plaintiff's alleged Eighth Amendment violation, such request for injunctive relief must be denied.

*2. <u>Requests on Behalf of Other Inmates</u>*

Plaintiff also appears to seek relief on behalf of other inmates at Cheshire. However, Plaintiff does not have standing to seek relief for the deprivations suffered by other inmates. *See Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016) ("Another prudential [limit on standing is the] principle is that a plaintiff may ordinarily assert only his own legal rights, not those of third parties."). And Plaintiff has not brought his claims on behalf of a class of inmates. The court will not issue a remedial order that extends beyond a remedy for the constitutional deprivation asserted in this action. *See Brown*, 563 U.S. at 531; *see also* ECF No. 21 (denying Plaintiff's motion for a preliminary injunction in part because his requested relief encompassed relief for third parties). Accordingly, such relief also is denied.

*3. Requests Under the Eighth Amendment*

To the extent that Plaintiff's requests fall within the scope of his Eighth Amendment claims, Plaintiff must satisfy the standard for a mandatory injunction, as he seeks to alter the status quo. The record neither demonstrates that Plaintiff faces irreparable harm if his injunctive requests are not granted, nor that he has a clear or a substantial likelihood of prevailing on the merits of his claims.

The Eighth Amendment to the United States Constitution protects against the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. This prohibition has both objective and subjective components: the objective component requires a plaintiff to show official conduct that was "harmful enough" to be characterized as "punishment," and the subjective component requires a plaintiff to show a "sufficiently culpable state of mind." *Walker v. Schult,* 45 F.4th 598, 610 (2d Cir. 2022) (quoting *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)). "[C]onditions of confinement, 'alone or in combination,'" may violate the Eighth Amendment if they "deprive prisoners of the minimal civilized measure of life's necessities . . . ." *Id.* at 611 (quoting *Wilson*, 501 U.S. at 304).

In some cases, federal courts have found a deprivation of exercise to violate the Eighth Amendment. *See Wilson*, 501 U.S. at 304–05 (citing *Spain v. Procunier*, 600 F.2d 189 (9th Cir. 1979) and *Clay v. Miller*, 626 F.2d 345 (4th Cir. 1980)). The Second Circuit has recognized that, under the Eighth Amendment, "some opportunity for exercise must be afforded to prisoners." *Anderson v. Coughlin*, 757 F.2d 33, 35 (2d Cir. 1985). However, not every denial of physical exercise amounts to a constitutional violation. For example, "deprivations of physical exercise for short periods will not rise

to constitutional dimension . . . ." *McCray v. Lee*, 963 F.3d 110, 117 (2d Cir. 2020) (holding that the plaintiff had sufficiently alleged an Eighth Amendment claim when he asserted a denial of physical exercise over a four-month period). Outdoor exercise also is not necessarily required when prisoners have other means of remaining active indoors. *Clay*, 626 F.2d at 347. Prison officials also are permitted to limit the right to out-of-cell exercise where there is a valid safety exception, or in unusual circumstances. *Williams v. Greifinger*, 97 F.3d 699, 704 (2d Cir. 1996).

Here, it is not clear to the court that Plaintiff's alleged deprivation rises to the level of harm required to satisfy the objective element. In the first instance, it appears that Plaintiff is not completely being denied exercise; rather, he is being denied only *outdoor* exercise, and only in certain weather conditions. Furthermore, it is not clear how often those weather conditions have caused him to be confined indoors. And it appears that the Policy stems from staff concerns about their being required to spend extended periods outside in freezing temperatures (a concern which the court posits is equally applicable to the inmates). This may qualify as a valid safety exception within the Second Circuit's meaning in *Williams*.

However, even assuming that Plaintiff's alleged deprivation is sufficiently serious to satisfy the Eighth Amendment's objective element, the court cannot find, based on the current record, that Plaintiff is likely to satisfy the subjective element. Plaintiff must show that "subjectively, the defendant official acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety." *Edwards v. Quiros*, 986 F.3d 187, 192 (2d Cir. 2021) (quoting *McCray*, 963 F.3d at 117). The subjective

element requires a showing that a defendant acted with a state of mind beyond negligence. *Id*. In this context, the element would be satisfied with a showing that the prison official knew of but disregarded an excessive risk to Plaintiff's health or safety presented by the lack of a meaningful opportunity to exercise. *Id.* at 194.

In support of his requests for preliminary injunctive relief, Plaintiff has submitted Department of Correction ("DOC") statements about the Policy, such statements noting that outdoor recreation was available: if the temperature was at least 40 degrees, without inclement weather; if there were a minimum of five individuals interested in going outside; and if the facility were not under a modified lockdown. ECF No. 57-1 at 15–18. Plaintiff also has submitted grievance investigation notes for the complaints he lodged with the DOC about the Policy. ECF No. 62 at 10–18. One such note shows that a grievance he filed in March 2022 was denied because the policy was made "due to safety and security concerns." *Id.* at 10. Another investigation note indicates that Plaintiff's outdoor recreation is additional to time he receives for indoor recreation. *Id.* at 12. Still another reflects that Plaintiff's grievance filed in 2018 about his deprivation of outdoor exercise after a snowstorm was denied because "[c]ourtyards are unavailable for exercise during inclement weather [but] exercise can be completed in the dayroom during tier recreation." *Id.* at 14.

Thus, Plaintiff has submitted evidence suggesting that he may subjected to occasional deprivations of outdoor recreation, but that he also has the opportunity to exercise within the day room. Based on the available record, the court concludes that Plaintiff has not demonstrated either that he will suffer irreparable harm absent an

injunction, or that he has shown a likelihood of success of his Eighth Amendment violation claims. Indeed, the court's Initial Review Order noted that "[i]t is far from clear that [P]laintiff's allegations will prove sufficient to satisfy the high standards applicable to Eighth Amendment conditions of confinement claims." ECF No. 22 at 21. And the mere possibility that Plaintiff may be subjected to a deprivation of constitutional dimension is not sufficient to support a request for injunctive relief. *See Thompson v. Lantz*, No. 3:04 CV 2084 AWT, 2005 WL 2387706, at *4 (D. Conn. Sept. 28, 2005) ("Possible future harm is insufficient to support a request for injunctive relief."). Finally, the record fails to suggest that Defendants implemented the Policy with deliberate indifference to Plaintiff's health and safety. Rather, the investigation notes indicate that the Policy is rooted in safety and security objectives, and that inmates have an opportunity to exercise in the dayroom if they cannot go outside due to the conditions outdoors. *See* ECF No. 62 at 10–18. On these facts, the court cannot find adequate evidence of deliberate indifference.

For these reasons, the Motion for a Preliminary Injunction is **DENIED**.

## III. MOTION TO COMPEL

### A. Legal Standard

Where a party fails to produce documents requested during discovery, Federal Rule of Civil Procedure 37 permits the party seeking discovery to "move for an order compelling an answer, designation, production or inspection." Fed. R. Civ. P. 37(a)(3)(B). Because the Federal Rules are construed liberally in favor of discovery,

*McCulloch v. Hartford Life & Accident Ins. Co.*, 223 F.R.D. 26, 30 (D. Conn. 2004), the burden falls on the party resisting discovery to show why discovery should be denied. *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009). All "[m]otions relative to discovery," including motions to compel, "are addressed to the discretion of the [district] court." *Soobzokov v. CBS*, 642 F.2d 28, 30 (2d Cir. 1981). "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Under Rule 26(b)(1), Plaintiff's discovery requests must be relevant to his Eighth Amendment deliberate indifference claims against Defendants.

**B. Discussion**

Plaintiff's Motion to Compel complains that Defendants provided an untimely response in objecting to his requests for production. ECF No. 86 at 1–2. The parties conferred before the motion was filed, but could not resolve many of the discovery conflicts. *Id.* at 2. Defendants principally maintain that Plaintiff's requests are burdensome, overly broad, and irrelevant to the outdoor exercise deprivation claims pursuant to the Policy from 2018 to the present. ECF No. 88 at 1. They claim Plaintiff makes blanket requests for information which would require a search through each and every document and electronic file within the DOC. *Id.* at 5.

Upon review of Plaintiff's motion, Defendants' opposition memorandum, and Plaintiff's reply memorandum, the court renders the following rulings:

*1. Requests #1 and #2*

In his first two requests, Plaintiff seeks documents, directives, and emails relevant to modified lockdowns. ECF No. 86-1 at 2. Request #1 asks for all "documents, directives, policies, [and] emails" that include "language of modified lockdown, phases of modified lockdown, modified lockdown criteria of program affected/cancelled due to modified lockdown." *Id.* at 2. Request #2 asks for anything that includes "language of modified lockdown when, visits, gymnasium/exercise, school, courtyard outdoor recreation-freshair . . . cancelled programs/activities . . . ." *Id.* Defendant objects to these requests as "vague, overly broad, cumulative, unduly burdensome, incomprehensible and not limited to a reasonable time period." ECF No. 86-4 at 4.

The court agrees with Defendants that to the extent Plaintiff seeks discovery without a time limitation, Plaintiff's requests are unduly burdensome, unreasonable and beyond the scope of his Eighth Amendment claim. In addition, the information sought by Plaintiff's requests is difficult to discern. Thus, Defendants' objection to Requests #1 and #2 is **SUSTAINED.** ECF No. 86-4 at 2–4.

However, modified lockdowns are relevant to Plaintiff's claims. Accordingly, Defendants are directed to provide Plaintiff with (1) the DOC Directives and policies, including modified lockdown criteria, that are relevant to modified lockdowns since 2018; (2) a list of modified lockdowns which prevented outdoor recreation or indoor recreation during the months of November through April in each year from 2018 to the present; and (3) emails or other communications by or to Defendants addressing

modified lockdowns during the months of November through April in each year from 2018 to the present.

*2.* *Request #3*

In his third request, Plaintiff asks for

> [a]ll documents, directives, policies, [and] emails between all staff, language of temperature/required inmates, unit directives, e[tc], governing the temperature/35° -degrees+, required to obtain outdoor courtyard exercise during winter months of: November to April/Yearly, all criteria, any and all documents relating to temperature/inmates required present/updated, e[tc] (All inclement weather language/characteristics)[.]

ECF No. 86-1 at 1. Defendants object on the grounds that this request is "overly broad, unduly burdensome, not limited to a reasonable time period, and seeks information that is not relevant to the instant claims." ECF No. 86-4 at 5–6.

Defendants' objection is **SUSTAINED** because Plaintiff's request is difficult to discern, unduly burdensome, and beyond the scope of his Eighth Amendment violation. However, because Defendants' state of mind with respect to the development and enforcement of the Policy is relevant to Plaintiff's claims, the court directs Defendants to provide Plaintiff with (1) all policy documents and directives relevant to the Policy from 2018 to the present; and (2) all email or other communications by or to Defendants concerning the Policy from 2018 to the present.

*3.* *Request #4*

Plaintiff's fourth request seeks

> [a]ll documents, directives, policies, [and] e-mails between all staff, language of snow removal in inmate courtyards, unit directives, e[tc], snow removal in inmates units, time frame

> to remove snow from inmate courtyards, procedures of removing snow and ice from inmates courtyards, all language of snow removal and ice removal within inmate courtyards, within Cheshire C.I., administrations initiation of removing snow and ice from inmates, - courtyards, any and all language of snow/ ice removal of inmate courtyards. (All inclement weather language-characteristics)[.]

ECF No. 86-4 at 1. Defendants object that the request is "overly broad, unduly burdensome, not reasonably limited to a reasonable period of time, and seeks information that is not relevant to the instant claims." ECF No. 86-4 at 6.

The court agrees that this request is overly broad, unduly burdensome, and not limited to a reasonable period time; to that extent, this objection is **SUSTAINED.** However, snow removal practices are relevant to Plaintiff's claims. Accordingly, Defendants are directed to provide Plaintiff with Cheshire's snow removal policies from 2018 to the present; a list of dates when snow removal caused a cancellation of outdoor recreation from 2018 to the present; and any email or other communication by or to the defendants about snow removal at Cheshire commencing in 2018 to the present.

*4. <u>Request #5</u>*

In his fifth request, Plaintiff seeks

> [a]ll documents promulgated by the Connecticut Commissioner of Corrections, directives, policies, e-mails between staff and Commissioners Office, unit directives, language promulgated by Commissioners Office, criteria of modified lockdowns by Commissioner, criteria of temperature initiated by Commissioner of Corrections to obtain outdoor exercise freshair within all correctional facilities/Cheshire C.I., snow removal language promulgated by Commissioner of Corrections, in all correctional facilities/Cheshire C.I. of inmate recreation yards/courtyards, winter jackets distribution within all correctional facilities/Cheshire C.I., inmates rec[ei]ving winter jackets

> within the facilities in all correctional facilities, criteria of rec[ei]ving winter jackets during winter months in all correctional facilities, responsibility of corrections commissioner promulgating lockdowns, temperature of outdoors recreation/freshair, e[tc.], governing all incarcerated of incarcerated relating to yearround outdoor exercise/freshair in recreation yards, e[tc]. Any and all documents present/updated. (Commissioner rules). (All inclement weather language/characteristics) [.]"

ECF No. 86-1 at 2. Defendant objects that this request is "vague, overly broad, unduly burdensome, incomprehensible, irrelevant and not limited to a reasonable time period. ECF No. 86-1 at 7.

Defendants' objection to this request is **SUSTAINED.** *Id.* at 8-9. Plaintiff's request for information about winter jackets is beyond the scope of his Eighth Amendment violation concerning his deprivation of outdoor exercise. Plaintiff otherwise appears to request information that will be produced in accordance with this order.

*5. <u>Request #6</u>*

Plaintiff articulates his sixth request as follows:

> District administrator and warden/promulgated, all documents, unit policies/procedures, policies, e-mails to and from staff/administration, language of modified lockdown, phases of modified lockdown, modified lockdown criteria of programs affected/cancelled due to modified lockdown, modified lockdown/ governing and effects of modified lockdown when the visits, gymnasium, exercise, school, courtyard, outdoor recreation/freshair are cancelled due to lack of staff, and, modified is enacted, signed by warden. Temperature: District administrator and warden/ promulgated all documents, directives, policies, e-mails between staff/administration, language of temperature/required inmates, unit directives, unit policies, governing the temperature/35° -degrees+, required to obtain outdoor courtyard exercise during winter months of: November to April/yearly, all criteria, any and all documents

> relating to temperature/inmates required, present/updated, e[tc], signed by the warden/unit administrator pursuant:Dir.1.3/ administrative directive. Snow Removal: District administrator and warden/promulgated, all documents, directives, policies, emails between staff/ administration, unit directives, unit policies, language of snow removal in inmate courtyards, unit policies-and directives of snow removal within inmates units, time frame to remove snow and ice from inmates courtyards, procedures of removing snow and ice from inmate courtyards, within Cheshire C.I., administrations initiation of removing snow and ice from inmates courtyards, any and all language of the snow/ice removal of inmate courtyards. All documents within this section #6, pursuant directive.1.3/ ...unit policies and procedures, under authority-of district administrator and warden, signed into authority @ Cheshire C.I. (All inclement weather language/characteristics) [.].

ECF No. 86-4 at 9-10. Defendants argue that this request is "overly broad, unduly burdensome, not reasonably limited to a reasonably time period, and seeks information that is not relevant to the instant claims." *Id.* at 10.

The court **SUSTAINS** Defendants' objection to this discovery request because it is not clear what information is requested.

*6. Request #7*

In his seventh request, Plaintiff seeks "[a]ll documents; articulated within sections#-(1.2, 3, 4, 5, 6), of this discovery request, that govern the (true program/-within Cheshire.C.I.) of: modified, lockdown, temperature, snow removal, e[tc], CGS§18-21/ duties of commissioner, admin.dir.1.3/unit policies and procedures, e[tc], true program documents signed into authority by warden, sec#1-6." ECF No. 86-4 at 11. Defendants object on grounds that the request is "vague, overly broad, unduly burdensome, incomprehensible, and irrelevant and not limited to a reasonable time

period[,]" "not relevant" and "not reasonably calculated to lead to the discovery of admissible evidence because this request includes programs and individuals that are not parties to the action or referenced in the complaint." *Id.* at 12.

Plaintiff counters that the True Program inmates are not subject to the Policy as they play basketball while the rest of Cheshire inmates are unable to enjoy outdoor recreation. ECF No. 89 at 3. He explains that the information about the True Program is relevant to his claim of a violation of the Fourteenth Amendment's Equal Protection Clause. *Id.* Because the court did not permit Plaintiff to proceed such a claim, though, Plaintiff's request is beyond the scope of this action. Defendants' objection therefore is **SUSTAINED.**

*7. Request for Sanctions*

Plaintiff asks the court to impose sanctions if Defendants fail to comply with the court's orders on this motion. A court has authority to impose sanctions for failure to comply with a discovery order both under Rule 37 and pursuant to its inherent power to manage its own cases. *See Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 106–107 (2d Cir. 2002). But Defendants have not violated any discovery order or displayed bad faith. Accordingly, the court **DENIES** this request without prejudice.

## IV. REIMBURSEMENT

In his Motion for Reimbursement of Filing Fees, Plaintiff renews his argument that he should not have to pay the filing fee in this action because the funds in his inmate account come from Social Security benefits, which he says should be exempted

from consideration when determining whether he can pay the filing fee. The court has addressed this argument before, though, and already has ruled that Plaintiff's Social Security Disability Income is not exempt from the filing fee requirement. ECF No. 15 at 4. Further, the court has denied Plaintiff *in forma pauperis* status, without which Plaintiff must pay the filing fee. *Id.* at 6. Accordingly, this motion must be **DENIED.**

## V. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's motion for a preliminary injunction, ECF No. 57, is **DENIED.**
2. Plaintiff's Motion for Writ of Habeas Corpus Ad Testificandum, ECF No. 75, is **DENIED as moot.**
3. Plaintiff's Motion for Reimbursement of Filing Fees, ECF No. 82, is **DENIED.**
4. Plaintiff's motion to compel (and for sanctions), ECF No. 86, is **GRANTED in part** and **DENIED in part.**
    a. Defendants are instructed, within 45 days of this order's filing date, to comply with this order.
    b. Plaintiff's request for sanctions is **DENIED without prejudice.**

**IT IS SO ORDERED** at Hartford, Connecticut, this 13th day of September, 2023.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE